UNITED STATES of America, Plaintiff-Appellee,

v.

Harry William PRUITT, Defendant-Appellant.

No. 71-2456.

United States Court of Appeals, Ninth Circuit.

July 13, 1972.

Rehearing Denied Aug. 16, 1972.

Russell E. Parsons, Los Angeles, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before MERRILL, ELY and TRASK, Circuit Judges.

MERRILL, Circuit Judge:

Appellant stands convicted on various counts of smuggling, receiving, concealing and facilitating the transportation and concealment of marijuana in violation of 21 U.S.C. § 176a. On appeal from judgment he challenges his conviction on various grounds. We affirm.

A customs agent received a tip from an informer that a substantial amount of marijuana was to be brought across the border from Mexico at an unauthorized point of entry near Andrade, California. Later another tip was received to the effect that the marijuana had been brought across. Law enforcement officers were alerted and a Volkswagen van caught the attention of two of them. They observed it in a stretch of open country drive off the road to a clump of trees and brush at a spot occasionally used as a camping site. They saw the occupants of the van remove two large crates or boxes and carry them into the grove and then depart. The officers then searched the area and found the boxes hidden under the trees covered with underbrush. They opened the boxes, found they contained marijuana, left them as they had found them and continued surveillance. They saw appellant and a companion drive up in another vehicle. The companion entered the grove and returned with several filled duffel bags. After the car had left, the officers searched the area again and found the boxes empty and the marijuana gone. An alarm was sounded by car radio and appellant and his companion were picked up and arrested. The duffel bags were found to contain marijuana and were seized.

Appellant sought the name of the informer on which the customs agents had relied, but the District Court refused to require disclosure. This was not abuse of discretion. United States v. Gibbs, 435 F.2d 621 (9th Cir. 1970); Riley v. United States, 411 F.2d 1146 (9th Cir. 1969). Appellant did not meet his burden of showing that disclosure would serve a necessary or useful purpose. United States v. Estrada, 441 F. 2d 873 (9th Cir. 1971); Gaylor v. United States, 426 F.2d 233 (9th Cir. 1970); Lannom v. United States, 381 F.2d 858 (9th Cir. 1967).

Following arrest both appellant and his companion made incriminating statements. Appellant asserts that these statements were obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant has no standing to complain of the statements made by his companion. Byrd v. Comstock, 430 F.2d 937 (9th Cir. 1970). His own statement, according to testimony of the interrogating officers was given after *Miranda* warnings had twice been given and prior to any request for counsel, was given without hesitation and voluntarily and without any over-reaching by the officers. These circumstances, combined with the obvious intelligence and maturity of appellant, support a finding of waiver. *See* United States v. Glasgow, 451 F.2d 557 (9th Cir. 1971); United States v. Hilliker, 436 F.2d 101 (9th Cir. 1970); Riley v. United States, 411 F.2d 1146 (9th Cir. 1969); Mossbrook v. United States, 409 F.2d 503 (9th Cir. 1969); Sweeney v. United States, 408 F.2d 121 (9th Cir. 1969). *See also*, United States v. Zamora-Yescas, 466 F.2d 1272 (9th Cir. 1972).

Appellant sought to suppress the seized marijuana as the subject of an unlawful search of the boxes found in the clump of trees. An officer who had made the search conceded that at the time he realized the boxes were not being abandoned.

The reasonableness of the search under these circumstances, however,

does not depend on the desire of the suspect to attain privacy nor on the knowledge of the officer that such was his desire. Reasonableness is ascertained by application of objective standards in a determination of whether there was a justified expectation of privacy. Katz v. United States, 389 U.S. 347, 353, 88 S. Ct. 507, 19 L.Ed.2d 576 (1967). Here the outdoor area was not adjacent to a home as was the case in Wattenburg v. United States, 388 F.2d 853 (9th Cir. 1968). There was no indication that the site of the cache was being occupied as a camp. Any casual passerby would feel perfectly free to ascertain what it was that he had found. The only justified expectation of those who had secreted the marijuana was that the cache would remain secure against intrusion only so long as it remained undiscovered. *See* United States v. Capps, 435 F.2d 637 (9th Cir. 1970). *See also*, Katz v. United States, 389 U.S. 347, note 8, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

Other assignments of error we find without merit.

Affirmed.