John George MAGDA,
Petitioner-Appellant,

v.

C. L. BENSON, Warden,
Respondent-Appellee.

No. 76–1036.

United States Court of Appeals,
Sixth Circuit.

Submitted May 7, 1976.

Decided May 13, 1976.

William K. Teeguarden, Terre Haute, Ind., for petitioner-appellant.

Frederick M. Coleman, U.S. Atty., Cleveland, Ohio, W. F. Spicer, Akron, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This appeal from the denial of a motion to vacate sentence pursuant to 28 U.S.C. § 2255 came on to be considered pursuant to Sixth Circuit Rule 3(e).[1]

The principal question presented on appeal is whether garbage placed for collection on a treelawn next to a street can be searched by postal inspectors without a search warrant. We hold that the warrantless search was reasonable under the facts and circumstances of this case and therefore affirm the judgment of the District Court pursuant to Sixth Circuit Rule 8, which provides for affirmance when "it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument."

On the night of January 22, 1972, a post office in Youngstown, Ohio was burglarized and government property was stolen. Postal inspectors suspected John George Magda and placed him under surveillance. On January 25 at approximately 2:35 a. m., a postal inspector observed Magda place a garbage bag on the treelawn next to the street adjacent to his residence near some other garbage bags. The postal inspector later retrieved the garbage bag and found evidence that tended to incriminate Magda in the post office burglary. Early in the morning of January 30, a federal search warrant for Magda's apartment was issued by a United States Magistrate on the strength of an affidavit reciting information received as a result of the search of the garbage bag. On the following day federal officers executed the search warrant and seized a number of articles which later were introduced against Magda at the trial. Magda was found guilty by a jury of breaking and entering a post office and theft of government property in violation of 18 U.S.C. §§ 2115, 1361 and 641.

 Magda contends that the warrantless search of his garbage by postal inspectors violated his reasonable expectation of privacy and that evidence so obtained cannot be the basis of a valid search warrant under the Fourth Amendment. District Judge Leroy J. Contie rejected Magda's contention. His decision is supported by federal case law, which holds that garbage under such circumstances is abandoned and no longer protected by the Fourth Amendment. See *United States v. Mustone,* 469 F.2d 970 (1st Cir. 1972); *United States v. Dzialak,* 441 F.2d 212, 215 (2nd Cir. 1971), cert. den., 404 U.S. 883, 92 S.Ct. 218, 30 L.Ed.2d 165 (1971); *United States v. Stroble,* 431 F.2d 1273, 1276 (6th Cir. 1970). The same rule has been held to apply when an apartment dweller mingles his trash with that of others in his building. See *United States v. Minker,* 312 F.2d 632 (3rd Cir. 1962); *United States v. Harruff,* 352 F.Supp. 224 (E.D.Mich.1972).

 Judge Contie made findings of fact to the effect that at the time the garbage was seized and searched by the postal inspector, it was not within the curtilage of Magda's residence and that Magda had abandoned it. These findings are not "clearly erroneous," Fed.R.Civ.P. 52(a), but to the contrary are supported by substantial evidence.

 Magda attempts to distinguish the federal cases on two grounds. First he says that the prior cases have been decided on the plain view doctrine and not necessarily on the theory of abandonment. We read the cases cited above as placing their holding on the abandonment theory. Second he contends that his expectation of privacy is supported by a Youngstown City ordinance which prohibits unauthorized persons from rummaging through the garbage of another. An identical argument was rejected in

---

1. (e) Docket Control. In the interest of docket control, the chief judge may from time to time in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 7(e), 8 or 9 or any other rule of this court.

*Dzialak, supra,* at p. 215. This is a matter of local municipal law, not federal constitutional law.

 Magda relies upon the decision of the Supreme Court of California in *California v. Krivda,* 5 Cal.3d 357, 96 Cal.Rptr. 62, 486 P.2d 1262 (1971), remanded 409 U.S. 33, 93 S.Ct. 32, 34 L.Ed.2d 45 (1972), reheard, 8 Cal.3d 623, 105 Cal.Rptr. 521, 504 P.2d 457 (1973), cert. den., 412 U.S. 919, 93 S.Ct. 2734, 37 L.Ed.2d 145 (1973). If that case be construed to support Magda's position, we agree with Judge Contie that "the interpretation of the U.S. Constitution by a California Court is not binding on this court," and that no legitimate expectation of privacy exists as to abandoned property. *Cf. Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Judge Contie concluded that: "Magda had no Fourth Amendment rights as to the garbage bag in question; therefore the search and seizure of its contents without a search warrant were not illegal, and the search warrant subsequently obtained in reliance upon the fruits of the said garbage search was not tainted." We agree with this reasoning.

The alternate contention of Magda is without merit and requires little discussion. He challenges the validity of a second search warrant for Magda's apartment obtained by the Youngstown Police Department growing out of the burglarizing of a Beneficial Finance Company office. Two postal inspectors accompanied the local police when this municipal search warrant was executed. The municipal warrant was issued after the federal search warrant had been issued by the Federal Magistrate. No evidence introduced against Magda was seized during the search conducted by local police. If any information was obtained by federal officers during the search by city police, it could not have affected the federal warrant which had been issued previously and was executed the following morning. Therefore *United States v. Sanchez,* 509 F.2d 886 (6th Cir. 1975) has *no* application under the facts of this case.

All other contentions of appellant have been considered and found to be without merit.

Affirmed.