UNITED STATES of America,
Plaintiff-Appellee,

v.

Floyd A. VAHALIK,
Defendant-Appellant.

No. 79–5181,
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1979.

Rehearing Denied Dec. 3, 1979.

Rip Collins, Austin, Tex., for defendants-appellants.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Floyd Vahalik appeals from his non-jury trial at which he, along with his

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

wife, was convicted of possession with intent to distribute a Schedule II Controlled Substance, methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Appellant contends, first, that the government failed to prove his identity and to prove the date of the offense as stated in the indictment. Second, appellant argues that the trial court erred in denying his motion to suppress evidence, and the fruits of that evidence, obtained in a warrantless seizure of garbage that appellant had placed at the curb in front of his home for collection. We affirm the conviction.

The identity of a criminal defendant may be proved by inference and circumstantial evidence. *See United States v. Maestas,* 546 F.2d 1177, 1181 (5 Cir. 1977). The evidence need not be absolutely positive, *United States v. Washington,* 550 F.2d 320, 327–28 (5 Cir.), *cert. denied,* 434 U.S. 841, 98 S.Ct. 138, 54 L.Ed.2d 105 (1977), and defendant need not be pointed out from the witness stand. *Delegal v. United States,* 329 F.2d 494 (5 Cir.) *cert. denied,* 379 U.S. 821, 85 S.Ct. 44, 13 L.Ed.2d 32 (1964).

■ Sufficient testimony was adduced to support an inference of identification of appellant. The arresting officer stated that "Mr. Vahalik" had been apprehended at a residence determined to be appellant's home (R.Vol. 2 at 69–70); at the time of the arrest two pounds of methamphetamine were seized during a search of this residence. This same officer identified as "the defendant, Mr. Floyd Vahalik" a man pictured in a photographic slide in the garage of the same residence (R.Vol. 4 at 36), and also identified five other photographic slides as depicting the same "Mr. Vahalik" (R.Vol. 4 at 13, 26, 37, 42, 46). While none of these slides were, themselves, properly tendered into evidence, the court as trier of fact heard the testimony in reference to the slides while observing them, and could not have avoided comparison of the appellant to the likeness in the slides that had been identified as "Mr. Vahalik". Because of his arrest concurrent with the seizure of the methamphetamine at his home and the testimony linking the "defendant, Vahalik" to the photographic likeness shown at the scene of the offense, we hold that there was ample evidence to identify appellant for purposes of this prosecution.

■ Appellant's complaint that the government failed to prove the date of the offense as alleged in the indictment, "on or about September 27, 1978", is similarly without merit. Appellant was indicted on October 26, 1978. Evidence was adduced to show that appellant's codefendant, his wife, was observed receiving a crate of a chemical constituent of methamphetamine on September 25, 1978. This same crate was recovered shortly thereafter during the search of appellant's residence, along with the two pounds of methamphetamine and its derivatives. "[W]ithin reasonable limits, proof of any date [of an offense] before the return of the indictment and within the statute of limitations is sufficient." *Russell v. United States,* 429 F.2d 237, 238 (5 Cir. 1970) (quoting 1 C. Wright, Federal Practice and Procedure § 125 at 247 (1969)). Accordingly, proof of discovery of the methamphetamine and the crate of chemicals in appellant's possession within the month before the indictment adequately demonstrated the date of the offense.

■ Finally, appellant contends that the trial court erred in refusing to suppress evidence seized from his garbage without a warrant and the fruit of that seizure: the search warrant and its harvest. The garbage produced syringes, needles, and other implements that contained traces of methamphetamine; these items, sifted from garbage bags that appellant had placed at the edge of the street for collection, provided the probable cause basis for issuance of the warrant for the subsequent search of appellant's residence. While admitting that the bags seized by the agents had been set out for collection, appellant contends that he maintained a reasonable expectation of privacy in the contents of the closed bags until those contents were intermingled with the garbage of others by duly authorized collectors. In support of his position appellant cites section 28–3 of the Austin Municipal Code, which prohibits anyone but authorized collectors from tampering with garbage receptacles placed for collection.

The rule in California accords with appellant's contentions. *People v. Krivda,* 5 Cal.3d 357, 366, 96 Cal.Rptr. 62, 486 P.2d 1262 (1971), *vacated,* 409 U.S. 33, 93 S.Ct. 32, 34 L.Ed.2d 45 (1972), *reaff'd,* 8 Cal.3d 623, 105 Cal.Rptr. 521, 504 P.2d 457, *cert. denied,* 412 U.S. 919, 93 S.Ct. 2734, 37 L.Ed.2d 145 (1973). *See also, United States v. Choate,* 422 F.Supp. 261, 269 n.16 (C.D. Cal.1976), *rev'd on other grounds,* 576 F.2d 165 (9 Cir.), *cert. denied,* 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344 (1978). We prefer the view adopted by every United States Court of Appeals to consider the issue,[1] that the act of placing garbage for collection is an act of abandonment which terminates any fourth amendment protection because, "absent proof that a person has made some special arrangement for the disposition of his garbage inviolate, he has no reasonable expectation of privacy with respect to it once he has placed it for collection." *United States v. Crowell,* 586 F.2d 1020, 1025 (4 Cir. 1978), *cert. denied,* 440 U.S. 959, 99 S.Ct. 1500, 59 L.Ed.2d 772 (1979). The municipal ordinance cited by appellant does not alter the application of this rule in the instant case because there is no indication in the record that appellant relied upon the ordinance to increase his expectation of privacy, or that he was even aware of the ordinance. The purpose of the ordinance was, presumably, sanitation and cleanliness, not privacy. *See United States v. Dzialak,* 441 F.2d 212, 215 (2 Cir.), *cert. denied,* 404 U.S. 883, 92 S.Ct. 218, 30 L.Ed.2d 165 (1971) (similar ordinance held not to alter fact that defendant abandoned his garbage).

The judgment of the trial court convicting appellant is AFFIRMED.

1. *United States v. Shelby,* 573 F.2d 971, 973–74 (7 Cir.), *cert. denied,* 439 U.S. 841, 99 S.Ct. 132, 58 L.Ed.2d 139 (1978) (noting that any other rule respecting fourth amendment protection of trash is too unrealistic to be pursued); *Magda v. Benson,* 536 F.2d 111, 112 (6 Cir. 1976) (per curiam); *United States v. Mustone,* 469 F.2d 970, 972 (1 Cir. 1972); *United States v. Dzialak,* 441 F.2d 212, 215 (2 Cir.), *cert. denied,* 404 U.S. 883, 92 S.Ct. 218, 30 L.Ed.2d 165 (1971). *See United States v. Alden,* 576 F.2d 772, 776–77 (8 Cir.), *cert. denied,* 439 U.S. 855, 99 S.Ct. 167, 58 L.Ed.2d 161 (1978); *United States v. Minker,* 312 F.2d 632 (3 Cir. 1962), *cert. denied,* 372 U.S. 953, 83 S.Ct. 952, 9 L.Ed.2d 978 (1963).