**UNITED STATES of America**

v.

**John Anthony WALKER, Jr., et al.**

**Crim. No. H–85–0309.**

United States District Court,
D. Maryland.

Aug. 15, 1985.

Edward M. Burke, Klafter & Burke, Chicago, Ill., for plaintiff.

John L. Huff, Winston & Strawn, Chicago, Ill., for defendant.

ORDER

Michael Schatzow and Robert N. McDonald, Asst. U.S. Attys., Baltimore, Md., for the Government.

Fred Warren Bennett, Federal Public Defender and Thomas B. Mason, Asst. Federal Public Defender, Baltimore, Md., for defendant John Anthony Walker, Jr.

## MEMORANDUM DECISION

ALEXANDER HARVEY, II, District Judge.

Among the motions filed by defendant John Anthony Walker, Jr. in this criminal case is a motion to suppress all evidence allegedly seized by the government in violation of the Fourth Amendment. In particular, defendant seeks to suppress evidence seized in the early evening of May 19, 1985, when, without a warrant, government agents opened a paper shopping bag and removed and opened a package contained therein. Defendant John Walker and his son Michael Lance Walker have been charged here in a five-count indictment with espionage and related offenses.

The government opposes the motion to suppress by asserting first that the evidence seized was abandoned property and secondly that in any event the seizure and search of this bag can be justified on the basis of probable cause coupled with exigent circumstances. Memoranda in support of and in opposition to this pending motion have been filed by the parties and reviewed by the Court. It has been agreed that the Court will first rule on the abandonment issue on the basis of the testimony and other evidence presented at the pretrial suppression hearing, including defendant's proffer. If this ruling is unfavorable to the government, the Court will then permit the government and defendant to present further testimony in support of or in opposition to portions of the proffer and also in support of or in opposition to the government's alternative theory that the seizure of this evidence is supported by probable cause.

The testimony and other evidence presented discloses that the documents which the government seeks to introduce in evidence at trial were found in a large, brown bag of the sort used in grocery stores. The discovery and seizure of this bag and the documents contained therein resulted from surveillance of defendant undertaken by agents of the Federal Bureau of Investigation (hereinafter the "FBI"). As disclosed by Agent Wolfinger's affidavit, on the evening of May 19, 1985, defendant drove his Chevrolet van from Norfolk, Virginia to Montgomery County, Maryland. Once in Montgomery County, defendant was observed by FBI agents as he drove along Partnership Road. At approximately 8:30 p.m., defendant brought his van to a stop on Partnership Road about 300 yards south of the intersection of Partnership Road and Whites Ferry Road. Defendant left a large brown grocery-type bag at the base of and to the rear of a utility pole. According to defendant, he left the bag to be picked up by his contact. About two minutes after this stop, defendant's vehicle resumed its travel.

At approximately 9:19 p.m., two FBI agents arrived at the location on Partnership Road where defendant and his van had made the two-minute stop. As the agents began to examine the area just vacated by defendant, one of the FBI agents, Agent Bray, came upon the brown grocery bag in question. The bag was found in an open area at the base of a utility pole which is located on the west side of Partnership Road, about 300 yards south of the intersection created by Partnership and Whites Ferry Roads. The bag was found in underbrush some 12 feet from the road.

Following discovery of this object and without applying for a warrant, the agent made a quick inspection of the bag and

noted that it contained various items of trash. Among the trash and at the very bottom of the bag, the agents discovered a package wrapped in a white plastic trash bag secured with tape. Inside the plastic package was a sealed manila envelope. That envelope contained the documents which defendant now asks this Court to suppress. The question presented is whether this was abandoned property.

In *Abel v. United States*, 362 U.S. 217, 240–41, 80 S.Ct. 683, 697–98, 4 L.Ed.2d 668 (1960), the Supreme Court held that the government's warrantless search and seizure of abandoned property did not violate the Fourth Amendment. Under this and subsequent cases, one who abandons property may not be heard to complain of its seizure without a warrant.

█ The test for determining whether property is abandoned was most recently discussed by a judge in this Circuit in *United States v. Masiello*, 491 F.Supp. 1154 (D.S.C.1980). In that case, District Judge (now Circuit Judge) Chapman adopted the definition of abandonment contained in *United States v. Colbert*, 474 F.2d 174 (5th Cir.1973), an *en banc* decision of the Fifth Circuit. As the Court said in that case, the issue is not abandonment in the strict property right sense, but whether the person prejudiced by the search "had voluntarily discarded, left behind or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." *See* 474 F.2d at 176; *see also, United States v. Williams*, 569 F.2d 823, 826 (5th Cir.1978). Whether a person has maintained a reasonable expectation of privacy in the property seized is a question which must be judged by objective standards. *United States v. Kendall*, 655 F.2d 199, 201 (9th Cir.1981).

█ Applying these principles to the facts here, this Court finds and concludes that defendant John Walker had abandoned the grocery bag and all of its contents when law enforcement authorities came upon the bag and seized it on May 19, 1985. The location where the bag was discovered,

a roadside in a sparsely populated rural setting, clearly supports a finding of abandonment. A person who would leave at such a location what had all the appearances of a bag of trash could hardly have retained a reasonable expectation of privacy with regard to the contents of the bag. No attempt was made by defendant to protect the bag from damage from the elements or from removal by a passer-by or disturbance by an animal. Defendant had driven to the area where the bag was discovered, had made a brief stop, had placed the unprotected bag in the open and had left.

Relying on his proffer, defendant argues that he intended to return to the scene if his contact did not pick up the bag and asserts that in fact he did so return. But these circumstances hardly change the result. For some 2½ hours (and I am here accepting defendant's proffer as to when he first returned), the bag was in a location where it could have been retrieved by any passer-by, as indeed it was by law enforcement officers.

The very nature of the grocery bag itself and of its contents supports a finding of abandonment. The bag can only be described as a trash or refuse container. The bag held items which included a soft drink bottle, a soap wrapper, a yellow tissue, a plastic napkin wrapper and similar items. No one who came upon the bag would have been justified in concluding that the last person in control of it had a reasonable expectation of privacy insofar as the bag and its contents were concerned. Garbage or trash is generally considered to be abandoned property. *See United States v. Mustone*, 469 F.2d 970 (1st Cir.1972); and *Magda v. Benson*, 536 F.2d 111 (6th Cir. 1976).

Counsel for defendant argue that his intention was not to abandon his rights in the shopping bag and its contents, but instead to transfer this property to a specific third party, or, if that failed, to retrieve it himself. But this is not a case where a defendant took reasonable steps to protect his property until it was delivered into the

hands of some one else. There is little doubt that defendant intended that this property should appear to be abandoned trash. By leaving it out in the open, alongside a road, in a rural setting, he was no longer retaining a reasonable expection of privacy in the bag and its contents. Defendant's subjective expectation of privacy under the facts here is not one that society is prepared to recognize as reasonable. *See Katz v. United States*, 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967). (Harlan, J., concurring).

There is some similarity here between the facts of this case and those in *United States v. Williams, supra*. There, the defendant believing that he was under surveillance, unhooked a trailer containing marijuana from his tractor and drove away. The warrantless search of the trailer was upheld by the Fifth Circuit on the ground that this was abandoned property, even though the defendant later returned to reclaim his property. Here, the defendant, believing that he might be under surveillance, took evasive action and then similarly left the property out in the open in a rural setting, intending to return. When the evidence here is considered objectively, it is apparent that defendant no longer had a reasonable expectation of privacy in the bag and its contents when he left it in the location where it was later discovered by law enforcement authorities. The evidence discloses that for 2½ hours, he gave up any such interest in the property, which remained unprotected in the open for that period of time.

The government has argued alternatively that defendant had no standing to contest the seizure by law enforcement agents of the bag in question, citing *Rakas v. Illinois*, 439 U.S. 128, 143–44 n. 12, 99 S.Ct. 421, 430 n. 12, 58 L.Ed.2d 387 (1978); and *Rawlings v. Kentucky*, 448 U.S. 98, 104–06, 100 S.Ct. 2556, 2561–62, 65 L.Ed.2d 633 (1980). Whether the analysis in this case is undertaken in terms of the concept of abandonment, or in terms of the concept of standing, the result is precisely the same. Indeed, as the Supreme Court said in the *Rawlings* case, the two inquiries merge into one, namely whether governmental officials violated any legitimate expectation of privacy held by the defendant. 448 U.S. at 106, 100 S.Ct. at 2562.

In *United States v. Ramapuram*, 632 F.2d 1149 (4th Cir.1980), the Fourth Circuit applied the principles of *Rawlings* in finding that the defendant had no legitimate expectation of privacy in a broken down automobile which had been placed in an open field. In upholding rulings made by the late Judge Blair of this Court, Circuit Judge Murnaghan found that the defendant had not taken precautions customarily taken by those seeking privacy and that neither his possessory interest nor his correlative right as the owner to exclude others was sufficient in that case to raise defendant's expectations of privacy to a level of constitutional legitimacy. *See* 632 F.2d at 1156.

In *United States v. Pruitt*, 464 F.2d 494 (9th Cir.1972), the Ninth Circuit upheld seizure of marijuana in boxes found in a clump of trees, even though the officer who had made the search conceded at the time that he realized that the boxes were not being abandoned. The following comments made by the Court in that case are pertinent here:

> Any casual passerby would feel perfectly free to ascertain what it was that he had found. The only justified expectation of those who had secreted [the property] was that the cache would remain secure against intrusion only so long as it remained undiscovered.

464 F.2d at 496.

For all these reasons, this Court concludes that this was abandoned property, or alternatively that defendant cannot challenge this seizure. Defendant no longer retained a reasonable expectation of privacy with respect to this bag and its contents when it was seized. Accordingly, agents of the FBI could legally seize this property without a warrant. Defendant's motion to suppress will accordingly be denied. An appropriate Order will be entered. In view of this ruling, there is no need for an

evidentiary hearing on the issue of probable cause.

UNITED STATES of America

v.

John Anthony WALKER, Jr., et al.

Crim. No. H–85–0309.

United States District Court,
D. Maryland.

Aug. 15, 1985.

Michael Schatzow and Robert N. McDonald, Asst. U.S. Attys., Baltimore, Md., for the Government.

Fred Warren Bennett, Federal Public Defender and Thomas B. Mason, Asst. Federal Public Defender, Baltimore, Md., for defendant John Anthony Walker.