**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-51109
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTHUR LONGORIA, JR., also known as Arthur Longoria,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-92-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Arthur Longoria, Jr., of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Longoria to 120 months in prison. Longoria appeals his conviction, arguing that (1) the evidence that the firearm traveled in interstate commerce was insufficient to support his conviction, (2) the district court erred when it failed to suppress the search of Longoria's residence and the evidence seized therefrom, (3) the district court erred when it failed to suppress Longoria's post-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Miranda* statements, and (4) the district court erred when it enhanced Longoria's offense level on the basis of relevant conduct not proven to a jury beyond a reasonable doubt or admitted by Longoria. For the following reasons, we affirm.

In his first assignment of error, Longoria asserts that the evidence that the firearm traveled in interstate commerce was insufficient to support his conviction. The trial testimony established that the firearm was manufactured in Ohio and shipped to Texas, the state in which Longoria resides. The trial testimony further established that Longoria purchased the firearm in Texas. Thus, the Government produced sufficient evidence from which a jury could conclude beyond a reasonable doubt that the firearm possessed by Longoria affected interstate commerce. *See United States v. Guidry*, 406 F.3d 317-18 (5th Cir. 2005); § 922(g).

Longoria also mounts an as-applied constitutional challenge to his conviction under § 922(g)(1), arguing that the Government had to prove that his possession of a firearm had a "substantial" effect on interstate commerce under *United States v. Lopez*, 514 U.S. 549 (1995). Longoria's argument is foreclosed by this court's precedent. *See United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).

In his second assignment of error, Longoria contends that the district court erred when it denied his motion to suppress the warrant authorizing the search of his house and the evidence seized therefrom, asserting alternative arguments. Longoria first argues that the detectives violated local law when they seized his garbage without a warrant. Accordingly, Longoria argues that because the primary basis for the warrant -- the garbage -- was illegally seized, the search warrant was invalid and violative of the Fourth Amendment. Longoria's argument is without merit. Because Longoria had no reasonable expectation of privacy in the garbage he deposited on the curb for collection, the Fourth Amendment is not implicated. *See California v. Greenwood*, 486 U.S. 35, 37, 39-

42 (1988); *see also United States v. Vahalik*, 606 F.2d 99, 100-01 (5th Cir. 1979). Nothwithstanding the privacy issue, Longoria's argument remains meritless. This court has long held that evidence obtained in violation of state law, but not federal law, may be used in a federal prosecution. *See United States v. Walker*, 960 F.2d 409, 415 (5th Cir. 1992).

Longoria alternatively argues that the affidavit offered in support of the warrant application failed to provide the issuing judge with enough information to determine the existence of probable cause. Longoria further argues that because the affidavit was lacking in information, the issuing judge's actions were "a mere ratification of the conclusion of others." Aside from these conclusory statements, Longoria offers no record support and no argument in support of his assertions. Accordingly, Longoria has abandoned this claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

In his third assignment of error, Longoria contends that the district court should have suppressed the post-*Miranda* statements he made to police while they were searching his house as well as the statements he made following his arrest. Longoria asserts that his waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) was involuntary as a result of police coercion, i.e., that the police told him honesty was the best policy. Longoria's arguments are unavailing under this court's holdings in *United States v. Ballard*, 586 F.2d 1060, 1063 (5th Cir. 1978), and *United States v. Paden*, 908 F.3d 1229, 1235 (5th Cir. 1990).

In his last assignment of error, Longoria argues that the district court erred when it enhanced his offense level on the basis of relevant conduct not proven to a jury or admitted by him. Longoria's argument is foreclosed, as he concedes. *See United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)

AFFIRMED.