Antonio ARTIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2010–CA–000437–MR.

Court of Appeals of Kentucky.

Jan. 20, 2012.

Steven Buck, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Wm. Robert Long, Jr., Assistant Attorney General, Frankfort, KY, for appellee.

Before MOORE, STUMBO, and WINE,[1] Judges.

## OPINION

WINE, Judge:

Antonio Artis appeals from his conditional plea of guilty in the Christian Circuit Court to possession of marijuana (while armed), possession of a handgun by a convicted felon, and operating a motor vehicle on a revoked or suspended license. On appeal, Artis challenges the denial of his motion to suppress under *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), and argues that the trial court erroneously applied the "good faith" exception to the exclusionary rule. Upon review, we affirm the Christian Circuit Court.

## History

On June 20, 2008, Artis was indicted by a Christian County grand jury on the charges of trafficking in a controlled substance within 1000 yards of a school (while armed), possession of a handgun by a convicted felon, and operating a motor vehicle on a revoked or suspended license. These charges arose from a traffic stop of Artis's car on May 20, 2008, after he was observed failing to use a turn signal.

Officer Raymond Beaird of the Hopkinsville Police Department stopped Artis for failure to signal prior to a turn. Once stopped, Beaird asked Artis for his license and Artis replied that he did not have it with him. Upon running Artis's information, Beaird learned that his license was suspended. Thereafter, Beaird was joined by Officer Will Meyers, and the officers removed Artis from his vehicle and handcuffed him. Officer Beaird stated that Artis was under arrest for driving on a suspended license. Beaird then conducted a search of the vehicle and found marijuana on the floorboard. He next opened the trunk where he found more marijuana and a gun. Beaird later learned that Artis was a convicted felon.

After his indictment, Artis moved the trial court to suppress the evidence found in the search under *Arizona v. Gant*. The trial court entered an order finding that

---

1. Judge Thomas B. Wine authored this opinion prior to his retirement effective January 6, 2012. Release of the opinion was delayed by administrative handling.

the search was illegal under the precedent set by *Gant,* but nonetheless denied Artis's motion to suppress on the grounds that the arresting officer had properly relied on the applicable precedent at the time of the search.

Thereafter, Artis entered a conditional guilty plea, reserving the right to appeal on the suppression issue. The trial court entered its final order in February of 2010, sentencing Artis to seven years of imprisonment, probated for five years, with one-hundred days to serve. Artis received a credit of time served for one-hundred sixty-seven days.

Artis then appealed to this Court. His brief was filed on September 28, 2010, wherein he argued that the "good faith" exception in *Gant* did not apply. After the filing of the appellant's brief, the Commonwealth moved this court to hold the appeal in abeyance pending the United State Supreme Court's decision in *Davis v. U.S.,* —— U.S. ——, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011), wherein the high Court was set to decide whether the "good faith" exception applies to pre-*Gant* searches incident to arrest. After *Davis* was decided on June 16, 2011, this case was removed from abeyance and placed back on the active docket. We now address the merits.

### Analysis

■ Upon review of the denial of a motion to suppress, we give considerable deference to the trial court. *Commonwealth v. Neal,* 84 S.W.3d 920, 923 (Ky. App.2002). We first ask whether the trial court's findings of fact are supported by substantial evidence. *Id.* If the findings are supported by substantial evidence, we must accept them as conclusive. Based upon those findings, we then ask whether the trial court's decision was correct as a matter of law. *Id.* This determination is made *de novo. Id.*

In the present case, the facts are not in dispute. Thus, we are only charged with determining whether the trial court's decision was correct as a matter of law. Neither side disputes that, had the search in this case been conducted after *Arizona v. Gant* was rendered, it would have been unlawful. However, since it was conducted prior to the decision in *Gant,* the police officers had only the precedent at the time to rely upon. We must determine whether the "good faith" exception to the exclusionary rule applies to their actions under these circumstances.

■ The United States Supreme Court was just presented with this very issue in *Davis,* 131 S.Ct. at 2419. In *Davis,* the Court found that the exclusionary rule does not apply when police officers conduct a search in "objectively reasonable reliance" on binding appellate precedent. *Id.* at 2434. Hence, this question has already been answered for us.

■ Artis, in his reply brief, acknowledges the holding in *Davis* and requests this Court to find the search was unconstitutional on state law grounds. We agree with Artis that the states are free to afford defendants greater rights than those afforded by the federal constitution. *Oregon v. Hass,* 420 U.S. 714, 719, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *Smith v. Commonwealth,* 323 S.W.3d 748 (Ky.App.2009). It is true that "[t]he Kentucky Constitution has been held to 'offer greater protection of the right of privacy than provided by the Federal Constitution[.]' " *Petitioner F v. Brown,* 306 S.W.3d 80, 91 (Ky.2010), quoting *Commonwealth v. Wasson,* 842 S.W.2d 487, 491 (Ky.1992). However, it is also the case that our courts have "never extended this greater privacy protection to searches and seizures[.]" *Petitioner F,* 306 S.W.3d at 91. Indeed, our Supreme Court has stated that "Section 10 of the

Kentucky Constitution provides no greater protection than does the federal Fourth Amendment." *LaFollette v. Commonwealth,* 915 S.W.2d 747, 748 (Ky.1996).

For this reason, we affirm the judgment of the Henderson Circuit Court.

ALL CONCUR.