**Thomas Wayne ASHLOCK, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2012–CA–000619–MR.

Court of Appeals of Kentucky.

June 14, 2013.

Jerry L. Wright, Lexington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, David W. Barr, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, MAZE, and NICKELL, Judges.

*OPINION*

NICKELL, Judge:

Appellant, Thomas Wayne Ashlock, appeals from a conditional guilty plea to one count of cultivation of marijuana, five or

more plants.[1] The sole issue in this appeal is whether evidence obtained in violation of a county anti-rummaging ordinance violates the Fourth Amendment of the United States Constitution or Section 10 of the Kentucky Constitution. We affirm.

■ To obtain probable cause for a search warrant, the Lexington Metro Police Department conducted a warrantless trash pull of a receptacle placed at the curb of Ashlock's residence. Subsequently, the police searched Ashlock's residence pursuant to a warrant and discovered a number of marijuana plants. The Fayette County Grand Jury indicted Ashlock on one count of cultivating marijuana, five or more plants, a Class D felony. Ashlock filed a motion to suppress the evidence obtained in the search of his residence on the basis that the trash pull, which led to the procurement of the search warrant, was conducted in violation of Lexington–Fayette Urban County Government Ordinance No. 82–2011, Chapter 16, Article II, Section 16–15(f). The ordinance states:

> It shall be unlawful for any person, other than refuse collectors in the division of solid waste and persons duly licensed to collect, haul, convey, or transport any of the waste materials herein mentioned, to interfere in any manner with the receptacles containing any such waste materials, or to remove any such receptacle from the location where placed by the owner thereof, or to remove any of the contents of such receptacles.

Following a hearing, the trial court denied the motion to suppress in an order entered on January 5, 2012. Ashlock then entered a conditional guilty plea, which the trial court accepted. The trial court sentenced Ashlock to one year of imprisonment probated for three years with conditions. This appeal followed.

Ashlock argues the trial court erred by denying the motion to suppress because the search warrant was obtained through an illegal search of his curbside trash receptacle. He further argues the ordinance affords citizens a protection of privacy greater than that of the United States and Kentucky Constitutions. We disagree.

■ The Fourth Amendment of the United States Constitution does not prohibit the warrantless search by police of garbage deposited for collection outside a home's curtilage. *California v. Greenwood*, 486 U.S. 35, 37, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988). The Supreme Court of Kentucky has held that Section 10 of the Kentucky Constitution does not provide greater protection than the Fourth Amendment of the United States Constitution. *Dunn v. Commonwealth*, 360 S.W.3d 751, 758 (Ky.2012); *LaFollette v. Commonwealth*, 915 S.W.2d 747, 748 (Ky.1996) (abrogated on other grounds by *Kyllo v. United States*, 533 U.S. 27, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001)). In *Magda v. Benson*, 536 F.2d 111 (6th Cir.1976), the Sixth Circuit Court of Appeals held the search of an abandoned trash receptacle in violation of a local anti-rummaging ordinance did not implicate the Fourth Amendment. There, the court stated an anti-rummaging ordinance "is a matter of local municipal law, not federal constitutional law." *Id.* at 113. Likewise, in *U.S. v. Dzialak*, 441 F.2d 212, 215 (2nd Cir.1971), the Second Circuit Court of Appeals stated "[t]he town ordinance simply cannot change the fact that he 'threw (these articles) away' and thus there 'can be nothing unlawful in the Government's appropriation of such abandoned property.'" (quoting *Abel v. United States*, 362 U.S. 217, 241, 80 S.Ct. 683, 698, 4 L.Ed.2d 668 (1960)).

---

1. Kentucky Revised Statutes (KRS) 218A.1423, a Class D felony (first offense).

Under the authority cited above, we conclude the Lexington ordinance has no bearing on the validity of the search under the Fourth Amendment of the United States Constitution and Section 10 of the Kentucky Constitution. It is undisputed the garbage was left for collection outside the curtilage of Ashlock's residence. Ashlock acknowledges Kentucky generally affords its citizens a greater protection of privacy than that of the United States Constitution, but that greater protection has not been extended to searches and seizures. *Artis v. Commonwealth,* 360 S.W.3d 771, 773 (Ky.App.2012). He asks this Court to extend such an enhanced protection. However, as our Supreme Court has explicitly refused to extend enhanced protection to searches and seizures, we decline this invitation.

Accordingly, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.