UNITED STATES of America, Appellee,

v.

James Vincent WASHINGTON, Appellant.

UNITED STATES of America, Appellee,

v.

Patricia Ann WILLIAMS, Appellant.

Nos. 81–5069, 81–5078.

United States Court of Appeals, Fourth Circuit.

Argued March 5, 1982.

Decided April 26, 1982.

Thomas Woehrle, Springfield, Va., and Alan S. Toppelberg, Washington, D. C., for appellants.

Leonie M. Brinkema, Asst. U. S. Atty., Alexandria, Va. (Elsie L. Munsell, U. S. Atty., on brief), for appellee.

Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

James Washington and Patricia Williams appeal their respective convictions of possession with intent to distribute heroin and of interstate travel in aid of racketeering. They challenge certain aspects of a search made at Washington National Airport, and certain comments made by a prosecutor during closing argument to the jury. Finding these contentions without merit, we affirm the convictions.

## I

On November 14, 1980, local and federal drug enforcement agents observed James Washington and Patricia Williams arrive in Washington National Airport on the shuttle flight from New York City. They went separate ways in the terminal. Agents Bradley and Isaac approached Washington as he was about to enter a car in the parking lot. Upon request, Washington produced some identification and acceded to a search of his person. The agents found a large sum of currency but nothing else suspicious. Washington declined their request to return to the airport police office, and drove off. Bradley recognized his name as that of a convicted drug dealer.

Agents McCracken and Johnson, after conferring with Bradley and Isaac, decided to approach Williams, who had gone to the baggage claim area, picked up a suitcase, and taken it upstairs to the curb check-in area, as if waiting for someone to pick her up. The agents asked for her name and her ticket. Agent Johnson then asked if the bag belonged to her, and she said it did not. He repeated the question, and Williams responded that "a guy had asked her to bring it upstairs." She again was asked if the bag belonged to her and said it did not. Finally, Agent McCracken asked Williams if he could open the bag. She replied, "It's not my bag. I don't care what you do," and stepped a couple of steps away.

McCracken then opened the suitcase and found heroin worth some $80,000. Williams was arrested, and a search revealed an address book and other slips of paper. The

officers then obtained an arrest warrant for Washington, and arrested him four days later. The officers seized another address book and several slips of paper in a search incident to the arrest.

Williams made a pre-trial motion to suppress evidence, which the district court, after an evidentiary hearing, denied. Williams and Washington were then jointly tried and convicted by the jury of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3) and § 2. On appeal, both defendants challenge the denial of Williams' motion to suppress and the comments made by the prosecution in closing argument on possible inferences to be drawn from the address books and slips of paper.

## II

The record indicates that though Washington made other pre-trial motions, he did not move to suppress the introduction of evidence against him. Although he complains on appeal that the district court never explicitly ruled that he had no standing to question the authority of the search, the district court never had the opportunity to rule on Washington's standing, since Washington never made a motion to suppress.

■ Williams, on the other hand, did properly challenge the introduction of any evidence against her that was found from searching the suitcase. She argues that her statements denying that the suitcase belonged to her are insufficient to show that she disavowed any interest in the bag. She points out that the agents did not question her about possible custodial or bailee interests she might have had. We agree with Williams that on the peculiar facts disclosed this is not properly treated as a case of abandonment. *Cf. Friedman v. United States*, 347 F.2d 697 (8th Cir. 1965) (leaving accounting records on the floor and in trash cans of building two months after closing business is an abandonment). Further, as the district court recognized, this is not a consent-to-search case. Nevertheless, we do not think that the agents were required to make arcane inquiries into various possible property interests that Williams may have had in the suitcase. When she three times denied that the bag belonged to her, and then specifically stated "It's not my bag, I don't care what you do," the agents could justifiably rely on her statements to think they would not violate her rights by opening the bag. *See United States v. Colbert*, 474 F.2d 174 (5th Cir. 1973) (en banc) (search justified where apparent custodians disclaimed interest in briefcases and walked away); *Lurie v. Oberhauser*, 431 F.2d 330 (9th Cir. 1970) (same where apparent custodian denied knowledge about, or ownership of, bag). *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), upon which Williams relies, does not involve the disclaimer of interest in property, and thus does not control. Since only Williams sought by suppression motion to challenge the search and on the facts adduced had disclaimed any interest, hence any expectation of privacy, in the contents of the suitcase, the motion to suppress was properly denied.

## III

■ The defendants also complain about the prosecutor's statement to the jury that matching names and figures in the address books and slips of paper found on the two defendants give "an idea of how drug dealers do business, the names of customers and the amounts of money." The defendants argue that, since no expert witness had testified on the business practices of drug dealers, this comment went beyond the evidence in the case. We disagree. The prosecutor was merely suggesting a plausible inference to be drawn from the evidence. Such suggestions are proper. *See United States v. Welebir*, 498 F.2d 346, 351–52 (4th Cir. 1974).

## IV

Finding no error, we affirm the judgments of conviction.

AFFIRMED.