835 F.2d 876
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Vincent WASHINGTON, Defendant-Appellant.
 No. 86-7710.
 United States Court of Appeals, Fourth Circuit.
 Argued June 2, 1987.
Decided Nov. 24, 1987.
 
 Before DONALD RUSSELL, WIDENER, and JAMES DICKSON PHILLIPS, Circuit Judges.
 Warren A. Fitch (W. Gary Kohlman on brief), for appellant.
 William Graham Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Following airport surveillance of himself and a companion, one Patricia Williams, Washington was convicted of possession of heroin with intent to distribute the same and interstate travel in furtherance of an illegal enterprise. Those convictions were affirmed in United States v. Washington, 677 F.2d 394 (4th Cir.1982). There is no question raised in the appeal of this 28 U.S.C. Sec. 2255 proceeding except ineffectiveness of counsel.
 
 
 2
 Washington's companion, Patricia Williams, was in possession of the heroin when it was seized, and Washington was not present. There was evidence at the trial which tended to show that Washington and Patricia Williams had come off the same flight together at Washington National Airport and that they communicated at the airport before separating. There was other circumstantial evidence connecting them. Washington claims, however, that he was on a different flight and was not with Patricia Williams. Therefore, his contention now is that his attorney was ineffective in not ascertaining before the trial that Eastern Airlines' passenger lists were retained for more than a few days before being destroyed. By these lists, he says, he could have established that the two were not on the same flight.
 
 
 3
 In August 1983, Washington filed his first Sec. 2255 petition, claiming, among other things, that his trial counsel had been ineffective. To support his ineffective assistance claim, Washington pointed to several alleged acts of ineffectiveness. The basis for the alleged ineffectiveness relevant here, and asserted in Washington's first petition, is Washington's claim that if the attorney's investigation into the airline flight records had been conducted properly it would have shown that Washington was, as he claimed, not on board the pertinent Eastern Airlines flight. Thus, Washington concludes that if it could have been established that he was not on the flight with Williams, and had in fact met her at the airport only by chance, he probably would have been acquitted.
 
 
 4
 At an evidentiary hearing conducted by a magistrate, the attorney testified and the magistrate found as a fact that the attorney called Eastern Airlines, shortly after interviewing Washington, to inquire into its passenger records. The attorney was either told, or misunderstood what he was told to that effect, that a passenger manifest was not maintained for the flight in question, and the only other record of passengers on the flight, the actual boarding passes, were kept only two or three days before being destroyed. In fact, this information proved incorrect; after the trial, it was discovered that boarding passes from the flight were kept for about six months and thus would have been available to the attorney.
 
 
 5
 The magistrate, applying the standard enunciated by this court in Marzullo v. Maryland, 561 F.2d 540 (4th Cir.1977), cert. denied, 435 U.S. 1011 (1978), concluded that the attorney, although having been misinformed by (or possibly misunderstanding) the airlines' response, conducted a constitutionally adequate investigation of the boarding pass records. The district court adopted the magistrate's findings and denied Washington's first petition. No appeal was taken.
 
 
 6
 On September 10, 1986, Washington filed his second petition, which is the subject of this appeal. In his second petition, Washington incorporated the record from his first petition and renewed his ineffective assistance claim rejected earlier. He did so without the benefit of newly discovered facts or a new line of argument. His justification for relitigating this matter is that the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984), at least according to James Vincent Washington, creates a new and less stringent standard for determining ineffective assistance claims than existed under Marzullo.
 
 
 7
 The district court did not agree. It held that Strickland makes it more, not less, difficult for a defendant to prevail on an ineffective assistance claim. It also held that Washington had not satisfied either element of the Strickland test. In other words, he failed to show (1) that the attorney committed an error so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment by providing reasonably effective assistance, Strickland, 466 U.S. at 688, and (2) that there was a reasonable probability that the attorney's alleged error affected the verdict. Id. at 694.
 
 
 8
 We agree with the district court that Washington failed to establish that the attorney's efforts were deficient. See id. at 687 (defendant must show that counsel's performance was deficient). As Washington concedes, the test used in judging whether an attorney's assistance is deficient has remained the same from Marzullo to Strickland. Washington argues, however, that the change that benefits him is an alteration in the standard of prejudice more favorable to defendants. This position overlooks the fact that the Supreme Court has taught that for a defendant to prevail on an ineffective assistance claim, it must be shown that both tests are met.[1] Strickland, 466 U.S. at 687. Accordingly, since we agree with the district court that Washington has failed to show that the attorney's performance was deficient, we need not address Washington's prejudice argument nor his argument that Strickland 's inquiry is less stringent than Marzullo's.
 
 
 9
 The magistrate's basis for denying Washington's first petition, which was adopted by the district court, was that while the attorney's "conduct of the investigation may have embodied a mistake ..., it ... [could] not be deemed negligence or ignorance." We agree. As the magistrate correctly pointed out in ruling on the first petition, the fact that the records were available and subject to subpoena is not dispositive of the question of the appropriateness of the investigation. The attorney made a reasonable oral inquiry to Eastern Airlines with regard to the records. Regardless of whether he was misinformed about the status of the records or whether he misunderstood the airlines' response, there is no question that in his mind the records were unavailable. He promptly telephoned the company and spoke to a representative who was familiar with the airlines' policy on keeping boarding passes. From this conversation, he believed that the records were unavailable. He thus exercised reasonable professional judgment when he decided not to expend any more of his valuable investigatory time or resources attempting to obtain them. And, while the fact that he was misinformed (or even misunderstood the correct information) is indeed unfortunate, we are of opinion it was not an act outside the range of competence demanded of an attorney in a criminal case, Marzullo, 561 F.2d at 543, nor did it fall outside the "wide range of reasonable professional assistance" which is acceptable in a criminal case. Strickland, 466 U.S. at 689.
 
 
 10
 The duty at issue in this case was counsel's duty to investigate. The Court specifically focused on this inquiry in Strickland and stated that a heavy measure of deference to counsel's judgments should be applied in scrutinizing a decision not to investigate. Id. at 691. We think that reasoning applies here to the attorney's decision not to investigate further. After examining the record before us, and after briefing and oral argument, we are of opinion that the attorney's assistance was competent under Strickland.
 
 
 11
 Since we have determined that Washington has failed to establish the first prong of the Strickland test, it is unnecessary for us to discuss the associated issues raised in this appeal.
 
 
 12
 The judgment of the district court denying Sec. 2255 relief is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The court has indicated that in some rare situations prejudice may be presumed. Strickland, 466 U.S. at 692. Implicit in this exception is the fact that in all cases a defendant must establish the first element of Strickland. Thus, this exception has no application here because the question we address is whether the attorney's performance was in fact deficient