**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 98-4127

CHARLES F. AVENT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CR-97-200)

Submitted:  July 28, 1998

Decided: August 19, 1998

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brent Alan Jackson, Oliver Lewis Norrell, III, JACKSON, PICKUS
& ASSOCIATES, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Cameron S. Heaps, Special Assistant
United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles Fergion Avent appeals his convictions pursuant to his guilty plea of possession with the intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 841 (West 1994 & Supp. 1998); using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1998); and possession of a firearm by a felon, in violation of 18 U.S.C.A. § 922(g) (West Supp. 1998). The parties agree that Avent entered his guilty plea with the understanding that he reserved the right to appeal the district court's denial of his motion to suppress evidence seized from his car because it concluded he lacked standing. We affirm.

In July 1997, Officers O'Connor and Musselwhite of the Richmond City Police Department approached a group of men standing on a corner of the Richmond Redevelopment and Housing Authority property. As the officers approached, everyone but Avent ran. Avent walked toward a white Acura Legend parked nearby. As Avent approached the vehicle, he turned away and walked back towards the sidewalk. The police officers approached Avent and asked to speak with him. Avent agreed, and O'Connor inquired if Avent had any drugs or weapons on him. Avent said that he did not and lifted his shirt to reveal his waistband to show the officers that he was not carrying a gun. O'Connor then asked if he could "check" Avent for guns or drugs. Avent consented, and the officers began a pat-down.

During the search of Avent's person, O'Connor recovered a set of car keys. At that point, Avent began to cover his pockets to signal that he did not want his pockets searched. After recovering the keys, the officers asked several times if the Acura Avent had walked towards earlier belonged to him. Avent stated several times that the car was not his and that he was waiting for the bus.* O'Connor then asked Avent that if the key he found fit a car in the area, whether Avent

_____

*The exchange between the officers and Avent was tape recorded. The transcript of the exchange showed that Avent denied ownership of the car and gave evasive answers when questioned about the car.

2

would care if O'Connor used the key. Avent responded that he was getting ready to catch the bus.

O'Connor then went to the Acura and noticed a "bulge" under the driver's floormat. The car door was closed but not locked. O'Connor asked Avent if he minded if he searched the car, and Avent did not answer. O'Connor determined that the key found on Avent fit the Acura's lock and opened the door. He discovered a .44 magnum revolver along with 6.51 grams of crack and .37 grams of heroin under the floormat.

On appeal, Avent asserts that the evidence found in the car should have been suppressed due to a warrantless search in violation of the Fourth Amendment. In reviewing the district court's suppression ruling, we review the district court's legal conclusions de novo and its factual findings for clear error. See United States v. McDonald, 61 F.3d 248, 254 (4th Cir. 1995).

To challenge a search and seizure, a party must have standing. Standing is obtained when a party shows that the search and seizure violated his personal Fourth Amendment right to a legitimate expectation of privacy in the particular area searched. See Rakas v. Illinois, 439 U.S. 128, 139-40 (1978). Ownership or possession of an item seized is insufficient in itself to establish a right to a legitimate expectation of privacy in the particular area searched. See United States v. Manbeck, 744 F.2d 360, 374 (4th Cir. 1984). A legitimate expectation of privacy depends upon two factors: (1) whether the defendant has manifested a subjective expectation of privacy in the particular area searched and (2) whether society is prepared to recognize this expectation of privacy as objectively reasonable. See California v. Greenwood, 486 U.S. 35, 39 (1988). The burden of establishing these factors is on the defendant. Rakas, 439 U.S. at 134. Though Avent established an ownership interest in the car, the fact that he repeatedly denied ownership denies him standing to challenge the search. See, e.g., United States v. Washington, 677 F.2d 394, 396 (4th Cir. 1982) (holding that defendant's denial of ownership of a suitcase precluded her claim of reasonable expectation of privacy in the suitcase).

Accordingly, we affirm Avent's convictions. We dispense with oral argument because the facts and legal contentions are adequately pre-

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4