Marshall Roy LURIE, Appellant,

v.

E. J. OBERHAUSER, Warden, Appellee.

Peter Gary D'ALLESSANDRO, Appellant,

v.

C. J. FITZHARRIS, Superintendent, etc., et al., Appellee.

Nos. 23917, 24247.

United States Court of Appeals, Ninth Circuit.

Aug. 14, 1970.

Rehearings Denied Oct. 14, 1970.

Ely, Circuit Judge, dissented in part and filed opinion.

Richard G. Sherman (argued), of Sherman & Sturman, Beverly Hills, Cal., for appellants.

Mark Christiansen (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Wm. E. James, Asst. Atty. Gen., Thomas S. Kerrigan, Deputy Atty. Gen., Los Angeles, Cal., for appellees.

Before HAMLEY and ELY, Circuit Judges, and POWELL, District Judge *.

POWELL, District Judge,

On June 1, 1966 petitioners Lurie and D'Allessandro were convicted in the Superior Court of the State of California, of burglary and grand theft. Their convictions were affirmed by the California Court of Appeals. The California Supreme Court denied their petitions for a hearing.

The petitioners' applications for the issuance of writs of habeas corpus were denied by the District Court after a review of the transcripts of their preliminary examination and trial. This appeal followed.

The facts are not materially disputed. Two officers of the Los Angeles Police Department were conducting a stakeout at the Los Angeles International Airport for two out-of-town suspects they believed were involved in a robbery at I. Magnin's in Beverly Hills. The suspects, Lurie and D'Allessandro, were thereafter observed·at the Trans-World Airlines Terminal in the company of a young lady. When they presented their tickets at the gate one of the officers stepped forward and placed all three un-

---

* The Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

der arrest. The officers then obtained seven baggage claim checks from the possession of D'Allessandro. The claim checks were handed to an airlines agent who secured the luggage which was transported to and searched at the Wilshire Police Station. One of the items of luggage, a suitcase, contained furs identified as those taken at a recent apartment house burglary. The officers found no evidence of items taken in the I. Magnin robbery in the luggage or on the person of any of the persons arrested. The State convictions of Lurie and D'Allessandro were for the apartment house burglary.

The appellants allege four grounds for federal habeas corpus relief: (1) the warrantless arrest of Lurie and D'Allessandro was not based on sufficient probable cause and the fruits obtained as a result thereof were improperly admitted into evidence; (2) there was no probable cause for the arrest of Jenkins (the young woman traveling under the name of Mrs. Carter), the obtaining of her luggage with the use of baggage claim checks on her ticket, and the later search of the luggage; (3) the search of the suitcase containing the furs was not incident to the appellants' arrest and therefore unlawful; (4) the evidence against appellant Lurie is insufficient as a matter of law to allow his conviction to stand.

## I.

### Probable Cause to Arrest Lurie and D'Allessandro

■ When the police officers conducted their stakeout at the Los Angeles International Airport they were armed with the following information: (1) the robbery at I. Magnin's involved the use of face masks and smoke bombs and the robbers took only expensive jewelry, all indicating that it was the work of experienced robbers; (2) by checking local and F.B.I. records against the method of operation the seasoned police officers concluded that the robbery was committed by out-of-town people; (3) a check on newcomers who might have come to Los Angeles from out-of-state showed that appellants had been in Los Angeles for 11 days, having come from Chicago and according to intelligence files they had been involved in gang type activities in the East and both had been involved in robberies of one type or another. Local records indicated D'Allessandro had been arrested in Los Angeles in 1952; (4) employees at I. Magnin's identified pictures of appellants as being those of two individuals who were in the store the day before the robbery.

The California Court of Appeals observed from these facts that:

"The foregoing demonstrates not only superb police work but an emergency in which the officers were required to act without delay." People v. Lurie, 257 Cal.App.2d 98, 102, 64 Cal.Rptr. 637, 640 (1968).

We conclude that the information obtained by the police officers from official sources and later bolstered by the identification of appellants by the store employees would warrant a man of reasonable caution in the belief that a felony had been committed by appellants. Wong Sun v. United States, 371 U.S. 471, 479, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The police officers here had the requisite probable cause to support the arrests of Lurie and D'Allessandro at the airport. The arrests were proper under both State and Federal law. See Ferganchick v. United States, 374 F.2d 559 (9th Cir.) cert. den., 387 U.S. 947, 87 S.Ct. 2085, 18 L.Ed.2d 1337 (1967).

## II.

### Arrest of Jenkins (young lady traveling under the name of Mrs. Carter) and Use of Claim Checks Under Her Name to Obtain the Luggage.

■ We do not reach the issue of whether the officers had probable cause to arrest Jenkins since the incriminating evidence was not obtained as a result of her arrest and she is not a party to this appeal. The envelope bearing the name of Mrs. Carter, which contained a number of luggage claim checks, was in the possession of D'Allessandro and he deliv-

ered that envelope to the arresting officers. We have determined that his arrest was based on probable cause.

## III.

### *The Search of the Suitcase.*

Appellants argue that the search of the suitcase containing the furs was not incident to their arrest and therefore illegal under Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

The District Court held that appellants abandoned the incriminating evidence and therefore have no standing to object to its search at the police station. We agree and base that conclusion on the following:

When D'Allessandro was placed under arrest at the airport and advised of his constitutional rights he was asked if he had any tickets. He stated he did and reached in his pocket and handed the officer three envelopes. Two of the envelopes contained a total of seven luggage claim checks stapled inside the covers. The luggage was claimed and placed in the trunk of the police car. On the way to the police station appellant Lurie and the young lady Jenkins were given their *Miranda* warnings. When they arrived at the station the officers opened the trunk and asked each individual to identify his or her luggage. They identified each item of luggage except one, a suitcase covered by one of the claim checks stapled on Mrs. Carter's envelope. The suitcase was labeled "Shelby Luggage, Chicago, Illinois." All three individuals denied having any knowledge of or ownership in the suitcase. It was then opened and found to contain the furs taken at the apartment house burglary and also three shirts with the name D'Allessandro on them.

The right to protection against unreasonable search and seizure is personal and a defendant in a criminal case who claims no proprietary or possessory interest in the seized property has no standing to object to its admission in evidence on Fourth Amendment grounds. United States v. Graham, 391 F.2d 439,

443 (6th Cir.) cert. den. 393 U.S. 941, 89 S.Ct. 307, 21 L.Ed.2d 278 (1968); Richardson v. United States, 360 F.2d 366, 368 (5th Cir. 1966); Williams v. United States, 323 F.2d 90, 94 (10th Cir. 1963) cert. den., 376 U.S. 906, 84 S.Ct. 659, 11 L.Ed.2d 605 (1964); United States ex rel. Fein v. Deegan, 298 F.Supp. 359, 365 (S.D.N.Y.1967) aff'd, 410 F.2d 13 (2nd Cir.) cert. den., 395 U.S. 935, 89 S.Ct. 1997, 23 L.Ed.2d 450 (1969); State v. Watson, Mo., 386 S.W.2d 24 (1964), appeal dismissed, cert. den., 381 U.S. 275, 85 S.Ct. 1458, 14 L.Ed.2d 431 (1965); cf. Jones v. United States, 362 U.S. 257, 261, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Parman v. United States, 130 U.S.App.D.C. 188, 399 F.2d 559, 565; cert. den. 393 U.S. 858, 89 S.Ct. 109, 21 L.Ed.2d 126 (1968).

The appellants disclaimed any proprietary or possessory interest in the incriminating evidence and by so doing abandoned whatever interest they might have had in the property from possession of the claim check. Having abandoned the suitcase they have no standing to object that the search of the suitcase was not incident to their arrest.

## IV.

### *Sufficiency of the Evidence Against Lurie.*

We cannot say from a review of the record in this case that as a matter of law there was insufficient evidence to support Lurie's conviction. Lurie's guilt is fairly supported by the record. He has not established by convincing evidence that the factual determination by the State Court was erroneous. 28 U.S.C. § 2254(d).

Affirmed.

Lurie v. Oberhauser, No. 23917; D'Allessandro v. Fitzharris, No. 24247

ELY, Circuit Judge (dissenting in part):

While the question of the existence, *vel non*, of probable cause for the appellants' arrest is, in my judgment, extremely close, I have decided to accept the majority's resolution of that ques-

tion. I cannot, however, agree with the decision of my Brothers that the appellants have forfeited all right to challenge the admittedly unconstitutional search of their property. The majority reasons that the appellants have no sufficient standing to make the challenge because they did, in effect, abandon their property by disclaiming its ownership. I cannot accept that rationale, for, as I see it, the appellants really had no choice, when met with the questions put to them without adequate advance warning of their rights, except to utter their disclaimers of ownership or to sacrifice the right guaranteed to them by the Fifth Amendment. *See* Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L. Ed.2d 697 (1960), wherein the Supreme Court specifically limited its opinion to crimes for which mere possession of contraband is sufficient for conviction (e. g. narcotics). I see no compelling distinction between that situation and that here involved, especially since the California appellate court, in reviewing appellants' original convictions, remarked that mere possession of recently stolen property is sufficient for conviction when accompanied by "only * * * slight corroboration." People v. Lurie, 257 Cal.App.2d 98, 102, 64 Cal.Rptr. 637, 641 (1968).