**Donald John AZZARO, Petitioner-Appellant,**

v.

**M. R. SCHNECKLOTH, Superintendent, California Conservation Center, Respondent-Appellee.**

No. 26332.

United States Court of Appeals, Ninth Circuit.

May 10, 1971.

Richard G. Sherman, Beverly Hills, Cal., for petitioner-appellant.

Evelle J. Younger, Atty. Gen. of Cal., William E. James, Asst. Atty. Gen., Barbara T. King, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellee.

Before KOELSCH, ELY and TRASK, Circuit Judges.

PER CURIAM:

Petitioner, a California prisoner, filed an application for federal habeas relief on the ground that certain evidence introduced at his state court trial was seized in violation of the Fourth Amendment. The district court denied relief and this appeal followed. We affirm.

1

According to the application, the evidence was seized in a search of an apartment house incident to the arrest of a co-participant in petitioner's criminal activities. The application did not allege that petitioner had a possessory or proprietary interest in the apartment or in the evidence seized. Petitioner contended that the evidence should have been excluded because the arrest of his co-participant was not based on probable cause and the search was beyond the scope of a search incident to arrest.

The California courts upheld the arrest and search. The district court did not examine their validity, ruling that petitioner lacked standing to challenge the search.

■ The district court was clearly correct in so ruling. Since petitioner had neither a possessory or proprietary interest in the place searched or the evidence seized, he has no federal constitutional basis for attacking the search. Alderman v. United States, 394 U.S. 165, 172, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Wong Sun v. United States, 371 U.S. 471, 492, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Hence, he is not entitled to federal habeas relief. 28 U.S.C. § 2241(c) (3).

■ As this court stated in Lurie v. Oberhauser, 431 F.2d 330, 333 (9th Cir. 1970):

"The right to protection against unreasonable search and seizure is personal and a defendant ·in a criminal case who claims no proprietary or possessory interest in the seized property has no standing to object to its admission in evidence on Fourth Amendment grounds." (Citations omitted.)

California's adoption of a less stringent requirement for raising search and seizure claims, *see* People v. Martin, 45 Cal.2d 755, 290 P.2d 855 (1955), raises only a question of state law which is not cognizable under a federal habeas corpus claim. McClain v. Wilson, 370 F.2d 369 (9th Cir. 1966).

Affirmed.