UNITED STATES of America,
Plaintiff-Appellee,

v.

Peter M. KENDALL,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Gerald A. AKERS, Defendant-Appellant.

Nos. 80–1306, 80–1312.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 1980.

Decided Aug. 31, 1981.

Rehearings and Rehearings En Banc Denied
Oct. 29, 1981.

Christopher J. Schatz, Sheela, Lightner & Castro, San Diego, Cal., for Kendall.

James M. McCabe, Deutsch, Parziale & McCabe, San Diego, Cal., for Akers.

Raymond Edwards, Jr., Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before NELSON and BOOCHEVER, Circuit Judges, and WILLIAMS,* District Judge.

SPENCER WILLIAMS, District Judge:

Appellants Kendall and Akers appeal their convictions for conspiracy and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). Following denial of their motions to suppress the contraband by the trial court, defendant-appellants waived trial by jury and on March 14, 1980 were found guilty on stipulated facts. Using an objective test standard as determinative for intent to abandon, the trial court found appellants had abandoned the suitcase containing the cocaine, thereby relinquishing any reasonable expectation of privacy in it. Consequently, the court found that appellants lacked standing to complain of the subsequent warrantless search. We agree with the lower court's use of the objective test to determine abandonment and affirm both the denial of the motions to suppress and the convictions.

*Factual Background*

On October 17, 1979, San Diego narcotics agents were alerted by Fort Lauderdale, Florida narcotics agents that appellants were flying to San Diego for the supposed purpose of delivering cocaine. The San Diego agents were given descriptions of appellants as well as descriptions of their luggage and appellants were placed under surveillance upon their arrival in San Diego. At the baggage claim area, appellant Kendall picked up a suitcase meeting the description given to the agents and upon leaving the terminal, was stopped and requested to return to the terminal for questioning. While accompanying the agents, Kendall removed his baggage claim check from his wallet and informed them that his name was not on the suitcase name tag and that the claim check numbers did not match. The name on the bag was "Estrada" or "Estarda". At trial Kendall admitted that

the purpose of his words and conduct was to give the officers the impression that he had no interest in the bag. Believing Kendall's disclaimer, one of the agents returned the "Estrada" bag to the baggage carousel and returned with a similar bag whose numbers matched Kendall's claim check. In the meantime, appellant Akers was stopped as he followed and observed Kendall. Although Akers was not questioned regarding the "Estrada" bag, both appellants consented to a search of their suitcases. Nothing chargeable was found and they were released. However, unknown to the agents, Akers carried the claim check for the "Estrada" bag but he made no attempt to retrieve it before leaving the airport.

Subsequently, the agents checked the passenger list and determined that no passenger named "Estrada" or "Estarda" had been on the flight. Although they did not have a search warrant, they picked up the "Estrada" bag from the baggage claim area and upon returning to their office, forced it open and found approximately three pounds of cocaine in hermetically sealed plastic bags.

After leaving the airport, appellants made several attempts to reclaim the bag. At trial they testified that although Kendall owned the "Estrada" suitcase, they jointly packed it and each owned some of the cocaine.

*Abandonment*

 Intent to retain a reasonable expectation of privacy is determinative of abandonment. *United States v. Jackson,* 544 F.2d 407, 409 (9th Cir. 1976). A person who voluntarily abandons property has no standing to complain of its search and seizure. *Abel v. United States,* 362 U.S. 217, 240–41, 80 S.Ct. 683, 697–698, 4 L.Ed.2d 1019 (1960). The primary question on appeal is whether abandonment is to be determined by reference to subjective intent or by reference to the objective manifestation of an individual's intent, *i. e.,* whether a subjective or an objective test applies. Ap-

---

* Honorable Spencer Williams, United States District Judge, Northern District of California, sitting by designation.

pellants contend that subjective intent is the proper test, that their scheme involving the identical "Estrada" suitcase is evidence of their intent to return for the suitcase and, therefore, that there was no abandonment. Consequently, they argue that their motions to suppress were erroneously denied. However, appellants misread the opinion of this court in *United States v. Jackson*, 544 F.2d 407 (9th Cir. 1976) and they disregard pre-*Jackson* cases which use objective standards to determine intent to abandon.[1]

*The Objective Standard*

*United States v. Jackson* provides that the question of abandonment

> is primarily a question of intent, and intent may be inferred from words, acts, and other objective facts. Abandonment ... rests ... on whether the person so relinquished his interest in the property that he no longer retained a reasonable expectation of privacy in it at the time of the search.

*Id.* at 409 (emphasis added) (citations omitted). Whether a person entertains a reasonable expectation of privacy is to be determined by objective standards. *United States v. Pruitt*, 464 F.2d 494, 496 (9th Cir. 1972).

In *Jackson*, defendant, seeing law enforcement officers approach, dropped his suitcase and began to walk away before being stopped. The court held there was no abandonment because defendant's conduct did not "indicate an intent to abandon the suitcase." *Id.* at 410. Although the court does not expressly indicate that it used the objective standard, it did state that "intent may be inferred from words, acts and other objective facts." *Id.* at 409. Furthermore,

the cases cited by *Jackson* support an objective rather than a subjective test for intent to abandon.[2]

In the case at bar, the trial court relied upon the case of *Lurie v. Oberhauser*, 431 F.2d 330 (9th Cir. 1970), *rehearing denied*, October 14, 1970, as permitting the objective standard. In *Lurie*, defendants, suspected of burglary and robbery, were apprehended while waiting for an airline flight. Their suitcases were retrieved and each airline identification tag was matched with the baggage claim checks held by the defendants. Defendants gave consent to search all the suitcases except one, and each disclaimed both ownership and knowledge of it. A warrantless search of the suitcase revealed the stolen property. A motion to suppress was denied and defendants were convicted. In affirming the convictions, the *Lurie* court stated:

> The appellants disclaimed any proprietary or possessory interest in the incriminating evidence and by so doing abandoned whatever interest they might have had in the property from possession of the claim check. Having abandoned the suitcase they have no standing to object that the search of the suitcase was not incident to their arrest.

*Id.* at 333. The court focused on the defendants' disclaimer without inquiring into defendants' actual state of mind.[3]

Similarly, in *United States v. McLaughlin*, 525 F.2d 517 (9th Cir. 1975), *cert. denied*, 427 U.S. 904, 96 S.Ct. 3190, 49 L.Ed.2d 1198 (1976) defendants' objective conduct was held determinative of abandonment. Defendants drove a pick up truck suspected of carrying marijuana. As narcotics officers attempted to stop the vehicle, defendants threw four kilos of marijuana from the

---

1. See *United States v. McLaughlin*, 525 F.2d 517 (9th Cir. 1975), *cert. denied*, 427 U.S. 904, 96 S.Ct. 3190, 49 L.Ed.2d 1198 (1976); *United States v. Pruitt*, 464 F.2d 494 (9th Cir. 1972); *Lurie v. Oberhauser*, 431 F.2d 330 (9th Cir. 1970).

2. *United States v. Maryland*, 479 F.2d 566 (5th Cir. 1973); *United States v. Colbert*, 474 F.2d 174 (5th Cir. 1973); *United States v. McLaughlin*, 525 F.2d 517 (9th Cir. 1975).

3. For further examples of disclaimer of knowledge and ownership as a basis for abandonment see *United States v. Canady*, 615 F.2d 694 (5th Cir. 1980); *United States v. Miller*, 589 F.2d 1117 (1st Cir. 1978); *United States v. Anderson*, 500 F.2d 1311 (5th Cir. 1974); *United States v. Colbert*, 474 F.2d 174 (5th Cir. 1973).

truck. The court found that defendants abandoned the marijuana and no inquiry was made whether defendants subjectively intended to return for the contraband.

The objective test for abandonment which we think is consistent with *Jackson* and the cases cited therein is most definitively stated in *United States v. Williams*, 569 F.2d 823 (5th Cir. 1978). In *Williams*, narcotics agents followed a truck and trailer driven by defendant and believed to be transporting marijuana. When defendant became aware he was being followed, he drove into a reststop area, unhitched the trailer and drove off. The narcotics agents then made a warrantless search of the trailer and found marijuana. Later that evening defendant returned to the trailer and was arrested. He was subsequently convicted of conspiracy to possess with intent to distribute marijuana. Defendant's conviction was later affirmed on appeal, the court finding that no Fourth Amendment rights of defendant had been violated by the warrantless search because defendant's conduct objectively indicated an intent to abandon. *Id.* at 826. Quoting *United States v. Colbert*, 474 F.2d 174 (5th Cir. 1973) which has similar language to *Jackson*, the *Williams* court stated:

> One has no standing to complain of a search or seizure of property he has voluntarily abandoned.... Abandonment is primarily a question of intent, *and intent may be inferred from words spoken, acts done, and other objective facts* ....

*Id.* at 826 (emphasis added). The court reasoned:

> In the case at bar [defendant] Williams knew he was followed by government officers. His only conceivable purpose in leaving the trailer unguarded and unlocked in the parking area was to rid himself of the vehicle with its incriminating contents. *Perhaps, he retained a hope that he might accomplish two objects: the protection of himself from possession of evidence while he was pursued, and the chance of recovery of the trailer if neither the officers nor anyone else took it....* Williams was just like the

bank robber who having a gun, finds himself pursued, and in his hope of escaping detection throws the gun into a yard —where, if it is not picked up he might retrieve it. Such conduct is transparently an abandonment of the tight grip of ownership and reliance solely on the feeble hope of re-acquisition.

569 F.2d at 826 (emphasis added).

*Appellants' Conduct*

■ Examining appellant Kendall's conduct objectively, we find that he abandoned the suitcase containing the contraband prior to the warrantless search. Even if appellants claim that by their scheme involving the "Estrada" bag they fully intended to retrieve the suitcase in the event Kendall was stopped, Kendall's words and conduct involving the mismatching claim check clearly conveyed, and the narcotics agents reasonably inferred, that Kendall had no reasonable expectation of privacy in the bag, *i. e.*, that he abandoned it. To hold otherwise would be contrary to the cases cited and contrary to public policy. Allowing schemes such as appellants' to succeed would not deter improper police conduct, but would reward defendants who initially indicate that property is abandoned but who later claim Fourth Amendment protections after contraband is found pursuant to a warrantless search.

■ The question of whether Akers abandoned the suitcase is more difficult. However, on the facts of the case and according to the objective test for intent, we find that Akers also abandoned the suitcase. Although never questioned about the "Estrada" bag, Akers observed Kendall disclaim interest in it. When detained shortly afterward, Akers consented to a search of his suitcase but concealed the fact that he carried the claim check for the "Estrada" bag.

When these facts are coupled with the information that no one on the flight was named "Estrada" we cannot say that the trial court erred in finding abandonment.

*Conclusion*

The trial court's finding of abandonment is a factual finding and, even where arguably mixed with questions of law, is subject to attack only if clearly erroneous. *See United States v. Hart*, 546 F.2d 798, 801–02 (9th Cir. 1976) (en banc), *cert. denied*, 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 571 (1977). We are further aware of the Supreme Court's admonishment in *Ker v. California*, 374 U.S. 23, 33–34, 83 S.Ct. 1623, 1629–1630, 10 L.Ed.2d 726 (1963).

> ... While this Court does not sit in *nisi prius* to appraise contradictory factual questions, it will where necessary to the determination of constitutional rights, make an independent examination of the facts, the findings, and the record so that it can determine for itself whether in the decision as to reasonableness the fundamental—i. e., constitutional—criteria established by this Court have been respected.

We have made such an independent examination and hold that the trial court did not err in concluding that both Kendall and Akers abandoned the suitcase. Appellants' motions to suppress were properly denied and their judgments of conviction were properly entered. Accordingly, the judgments of conviction are hereby affirmed.