967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ismael ELIZARDE-FLORES, Defendant-Appellant.
 No. 90-30048.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 29, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ismael Elizarde-Flores appeals his conviction for one count of possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Flores contends that the district court erred by denying his motion to suppress cocaine found in a suitcase at the Seattle-Tacoma International Airport. Specifically, Flores contends that law enforcement officers lacked reasonable and articulable suspicion to detain him and that cocaine seized as a result of that unlawful detention should have been excluded as evidence in his trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review motions to suppress de novo, but we review for clear error the district court's factual determinations. United States v. Mines, 883 F.2d 801, 803 (9th Cir.), cert. denied, 493 U.S. 997 (1989).
 
 
 4
 The district court held that Flores abandoned the suitcase and, therefore, had no reasonable expectation of privacy with respect to its contents.[1] A determination of abandonment is a factual finding that we review for clear error. United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir.1986).
 
 
 5
 A person who voluntarily abandons property has no standing to complain of its search and seizure. United States v. Kendall, 655 F.2d 199, 200 (9th Cir.1981), cert. denied, 455 U.S. 941 (1982). In order to determine whether a defendant has voluntarily abandoned property, a district court must apply an objective standard to the defendant's actions. Id. at 202. The district court must look to the totality of the circumstances, and two important factors in its determination of abandonment are "denial of ownership and physical relinquishment of the property." Nordling, 804 F.2d at 1469.
 
 
 6
 Here, Flores denied ownership of the suitcase from the onset. Flores arrived at the Seattle-Tacoma International Airport, on a flight from Los Angeles, without any carry-on luggage. He walked through the terminal, past the baggage claim area, and out onto the street without attempting to claim any baggage. When law enforcement officers first questioned Flores outside the terminal, he stated that he had no luggage. Flores continued to deny that he had any luggage even after being confronted with a baggage-claim ticket attached to his airline ticket and a suitcase, with the name "Flores" on it, that matched the number on the claim ticket. In addition, Flores testified, under oath, at the suppression hearing that the suitcase was not his and that he had no luggage on his flight from Los Angeles.
 
 
 7
 Examining the totality of the circumstances, we find that the district court's determination that Flores voluntarily abandoned the suitcase was not clearly erroneous. See Nordling, 804 F.2d at 1469. Accordingly, Flores lacks standing to challenge the search and seizure of the suitcase. See Kendall, 655 F.2d at 200. The district court properly denied Flores' motion to suppress the cocaine found inside the suitcase.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court alternatively held that Flores' encounter with the law enforcement officers was wholly consensual and that Flores' stop was supported by reasonable suspicion to believe he was engaged in illegal activity. Because of our conclusion that Flores abandoned the suitcase, we need not reach these issues