70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles SHERPINSKI, Defendant-Appellant.
 No. 95-30019.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
As Amended on Denial of Rehearing and Suggestion for
Rehearing En Banc Jan. 5, 1996.
 
 Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Sherpinski appeals his conviction of abandoning personal property on federal land. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.[1]
 
 BACKGROUND
 
 3
 In 1980, the United States Forest Service granted Sherpinski permission to mine and to store materials related to his mining operation on federal land. Over the course of several years he brought a great deal of material onto the site that the Service regarded as unrelated to a mining operation. For a time he also lived in a trailer on the property.
 
 
 4
 The Service first notified him in 1990 that his use of the land had exceeded the scope of his permit, and that he would have to remove much of the material he was accumulating. He partially complied by removing some of the items from the site.
 
 
 5
 In September 1993, the Service sent him a second notice of non-compliance requesting that he remove specific items from the site by October 31, 1993, and refrain from dwelling on the site. A ranger met with him several times in connection with this notice. Sherpinski removed his trailer and some other items, but asked for an extension to remove additional items. The Service granted this extension, but he still failed to remove the items.
 
 
 6
 On May 20, 1994, the Service notified him that it would impound items unrelated to the mining operation if they were not removed from the site within thirty days. Sherpinski did not remove all of the items by the thirty-day deadline. On July 6, a ranger visited him at the site and told him that the Service would be removing the personal property. The ranger posted "Property of the United States" signs around the site.
 
 
 7
 On July 17, Sherpinski was issued a violation notice for abandoning personal property on Forest Service land. From September 26-29, 1994, the Service removed and impounded eight one-ton truckloads of various items which included plastic barrels, paper, oil cans, inoperative refrigerators, tires and car batteries. The Service did not remove property that it determined was related to Sherpinski's mining operation.
 
 
 8
 The district court found Sherpinski guilty of abandoning personal property and using National Forest Service land outside the scope authorized by permit in violation of 36 C.F.R. Sec. 261.10. It ordered him to pay restitution of $1,811.16, the amount the Forest Service spent on the cleanup plus the cost of the proceeding. The court also prohibited him from entering the property and continuing his mining operation until he paid the amount in full.
 
 ANALYSIS:
 1. Abandonment
 
 9
 Sherpinski argues that the district court erred in finding that he had abandoned the materials removed by the Forest Service.
 
 
 10
 A determination of abandonment is a factual finding that we review for clear error. United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir.1986). Abandonment has been defined as the voluntary relinquishment of all right, title, claim and possession of property with the intention of not reclaiming it. It includes both the intent to abandon and an act or acts by which the intention is carried into effect. See United States v. Freter, 31 F.3d 783, 785 n. 2 (9th Cir.1994), cert. denied, 115 S.Ct. 646 (1994). Intent to abandon may be inferred from words, acts and other objective facts. United States v. Kendall, 655 F.2d 199, 201 (9th Cir.1981), cert. denied, 455 U.S. 941 (1982).
 
 
 11
 Through his acts, or more correctly through his inaction, Sherpinski exhibited an intent to abandon the property. The Service repeatedly warned him that the items not used in connection with the mining operation were subject to removal. Yet he did not remove them from the site or put them to use. Although he argues he did not have enough time or the proper resources to move everything, he had a total of four years from the first notice to the cleanup operation in 1994. The district court did not err in finding that he abandoned the property.
 
 2. Fourth Amendment
 
 12
 Sherpinski argues that the Forest Service violated his Fourth Amendment right to protection from unreasonable seizures when it removed his property from the site. But seizure of abandoned property does not violate the Fourth Amendment. Nordling, 804 F.2d at 1469. Because the district court properly found that he had abandoned the removed items, there was no Fourth Amendment violation.
 
 3. Fifth Amendment
 
 13
 Sherpinski contends that the Forest Service violated his Fifth Amendment right to due process. Procedural due process generally requires that an agency give a person adequate notice and an opportunity to be heard before depriving him of a protected property interest. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982). It is flexible, however, and calls for such procedural protections as the particular situation demands. Morrissey v. Brewer, 408 U.S. 471, 481 (1972).
 
 
 14
 Assuming that Sherpinski has a protectable property interest in the materials removed from the site, he was afforded adequate procedural safeguards before these materials were removed. In its September 1993 notice of non-compliance, the Service invited him to visit the district offices to discuss the request to remove the items. Also, Service rangers visited him several times to discuss his non-compliance and the impending cleanup operation. The Service provided him with ample notice that it would remove the items. Although the Forest Service regulations say that the Service may impound personal property five days after written notice to the owner, 36 C.F.R. Sec. 264.12, the Service gave him an extraordinary four years of notice before finally removing the materials. Cf. Weiss v. Lehman, 676 F.2d 1320, 1322 (9th Cir.1982) ("[t]he Forest Service is not and cannot be expected to publish notice before destroying abandoned and worthless property"), cert. denied, 459 U.S. 1103 (1983). He was not denied due process.
 
 4. Fourteenth Amendment
 
 15
 Sherpinski contends that the Service also violated his Fourteenth Amendment right to due process. But the Fourteenth Amendment applies to state, not federal action. Taylor v. United States, 320 F.2d 843, 846 (9th Cir.1963), cert. denied, 376 U.S. 916 (1964). Sherpinski's property was removed by employees of a federal agency in response to a federal violation. The Fourteenth Amendment is inapplicable.
 
 5. Sixth Amendment
 
 16
 Sherpinski argues that he was denied the right to counsel in violation of the Sixth Amendment. But the Sixth Amendment does not require that counsel be appointed for a criminal defendant unless the defendant is actually imprisoned. Scott v. Illinois, 440 U.S. 367, 373 (1979) (adopting "actual imprisonment as the line defining the Constitutional right to appointment of counsel"). Sherpinski was fined in this case, but not imprisoned. We reject his Sixth Amendment claim.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Sherpinski's motions related to this case are denied