NOT FOR PUBLICATION



FILED

MAR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 16-10463 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 2:15-cr-00054-JCM-CWH-1 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| CAMERON BELL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 14, 2018**
San Francisco, California

Before: FERNANDEZ, McKEOWN, and FUENTES,*** Circuit Judges.

Cameron Bell appeals his conviction for the crime of felon in possession of a

firearm. *See* 18 U.S.C. § 922(g)(1). We affirm.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

***The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

(1)    Bell first asserts that the district court erred when it denied his motion to suppress evidence found when an officer discovered the gun while examining the contents of a backpack that was found on the sidewalk.  We disagree.  After Bell had foisted the backpack upon his wife and then run off, she left it on the sidewalk and walked away.  The district court determined that she had abandoned the backpack, and denied the motion to suppress.  The district court did not commit clear error[1] when it determined that the backpack was abandoned by Bell's wife.[2]  Thus, we affirm the district court's denial of the motion to suppress.[3]

(2)    Bell also argues that his conviction must be overturned because the district court evidenced such bias and partiality that it should have recused itself,[4]

---

[1]*See United States v. Ruiz*, 428 F.3d 877, 880 (9th Cir. 2005); *United States v. Burnette*, 698 F.2d 1038, 1047–48 (9th Cir. 1983); *United States v. Kendall*, 655 F.2d 199, 203 (9th Cir. 1981); *United States v. Jackson*, 544 F.2d 407, 409 (9th Cir. 1976); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d. 518 (1985); *Aspen Skiing Co. v. Cherrett (In re Cherrett)*, 873 F.3d 1060, 1066 (9th Cir. 2017).

[2]*See United States v. Nordling*, 804 F.2d 1466, 1469–70 (9th Cir. 1986); *Kendall*, 655 F.2d at 200–02; *cf. Burnette*, 698 F.2d at 1047–48; *Jackson*, 544 F.2d at 409–10.

[3]We need not, and do not, consider the alternative bases to affirm propounded by the government.

[4]*See* 28 U.S.C. §§ 455(a), (b)(1).  Because the recusal issue was not raised before the district court, we review for plain error.  *See United States v. Holland*, 519 F.3d 909, 911 (9th Cir. 2008).

but failed to do so. We have reviewed the record and disagree. While the district court did at times express some impatience with Bell, who was representing himself, nothing in the record suggests that this is one of those rare circumstances[5] where the court's conduct was "so extreme"[6] that it bespoke an "'inability to render fair judgment.'"[7] The district court did not commit error (much less plain error) when it did not issue a recusal order.

(3) Finally, Bell asserts that the indictment should have been dismissed because the felon in possession statute[8] does not require a sufficient nexus between his actions and interstate commerce.[9] However, both the Supreme Court[10] and this court[11] have previously determined that the "minimal nexus"[12] required by

---

[5]*See Holland*, 519 F.3d at 913–14, 914 n.4.

[6]*United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000); *see also Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994).

[7]*Wilkerson*, 208 F.3d at 797; *see also United States v. McChesney*, 871 F.3d 801, 807–08 (9th Cir. 2017).

[8]18 U.S.C. § 922(g)(1).

[9]*See* U.S. Const. art. I, § 8, cl. 3.

[10]*See Scarborough v. United States*, 431 U.S. 563, 575, 97 S. Ct. 1963, 1969, 52 L. Ed. 2d 582 (1977).

[11]*See United States v. Hanna*, 55 F.3d 1456, 1461–62 (9th Cir. 1995); *see*

(continued...)

3

§ 922(g)(1) suffices. Bell's wish that the law were different cannot be granted by us. *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484, 109 S. Ct. 1917, 1921–22, 104 L. Ed. 2d 526 (1989) (this court must "[leave] to [the] Court the prerogative of overruling its own decisions"); *United States v. Green*, 722 F.3d 1146, 1151 (9th Cir. 2013); *see also Alderman*, 565 F.3d at 643, 648.

AFFIRMED.

---

[11](...continued)
*also United States v. Alderman*, 565 F.3d 641, 645 (9th Cir. 2009).

[12]*Scarborough*, 431 U.S. at 575, 97 S. Ct. at 1969.

4